IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DELLA LUSTER,                           )
                                        )
                 Plaintiff,             )
                                        )
         v.                             )     No. 03-4199-CV-C-WAK
                                        )
SQUARE D COMPANY,                       )
                                        )
                 Defendant.             )

## ORDER

Plaintiff Della Luster filed suit in September 2003, alleging she was wrongfully discharged from her employment with defendant Square D Company. Plaintiff states her discharge was based on retaliation for her complaining of sexual harassment, for talking with an EEOC or MCHR representative in an investigation based on a charge brought by a coworker, and for reporting that she was being pressured by her line leader to approve faulty parts. Her complaint is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

On November 14, 2005, defendant filed a motion for summary judgment, alleging there are no genuine issues of material fact for trial. Plaintiff responded in opposition to the motion and defendant replied.

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S.

at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

## Discussion

Title VII makes it unlawful for an employer to discriminate or retaliate against an employee for complaining of discrimination, participating in an investigation of discrimination or for other conduct identified in the statute.  42 U.S.C. § 2003e-3(a).  Retaliation may be shown by either direct or indirect evidence.

When direct evidence of retaliation is not shown, the court uses the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Initially, plaintiff must establish a prima facie case.

"The elements of a prima facie case of retaliatory discrimination are:  1) the employee engaged in activity protected under Title VII; 2) an adverse employment action was taken against her; and 3) there was a causal connection between the two." Turner v. Gonzales, 421 F.3d 688, 695-96 (8th Cir. 2005); Sowell v. Alumina Ceramics, Inc., 251 F.3d 478 (8th Cir. 2001).  Once plaintiff makes a prima facie case, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for its action.  If the employer does so, the burden shifts back to the plaintiff to show the stated reason was a pretext for discrimination. Turner v. Gonzales, 421 F.3d at 696.

Defendant asserts in its motion for summary judgment that plaintiff cannot make a prima facie case of discrimination because she cannot show a causal connection between the termination of her employment and any protected activity.  Defendant also claims it has a

2

legitimate business reason for plaintiff's discharge, and plaintiff cannot show the reason is a pretext.

Luster worked from February 2000 to June 5, 2002, as an hourly-paid processor and trainer in Square D's facility in Columbia, Missouri. She worked on various machines in the manufacture of Q2 circuit breakers. Lee Williams was the line leader for the area where plaintiff worked, Annette Krause was the back-up line leader, and another individual served as a facilitator or first-line supervisor. At the time of her discharge, Neil Palmer was the facilitator.

Viewing the evidence in the light most favorable to the plaintiff, Williams was responsible for assigning daily work and making limited decisions with regard to activities in the work area. When problems arose, he often consulted the facilitator or sought a decision from him. The parties dispute whether he was a supervisor.

Plaintiff asserts Williams was her supervisor, and even if he was not officially her supervisor, she perceived him to be. Defendant states Williams was not a supervisor, but was merely a line leader whose improper actions, if any, cannot be attributed to it. Defendant points out that line leaders were hourly-paid employees and considered by management to be nonsupervisory. Line leaders did not conduct performance reviews for the workers in their areas, did not determine work hours, did not hire or fire employees, and did not set wages. Defendant concedes Williams held a position with more responsibility than plaintiff, but disputes he was a supervisor. Defendant states the facilitator was the first-line supervisor.

Plaintiff claims her discharge was in retaliation for three of her activities: (1) complaining of sexual harassment; (2) answering questions during a discrimination investigation brought by a coworker; and (3) reporting pressure to approve faulty parts.

In response to defendant's motion for summary judgment, plaintiff states she complained to management and human resources personnel on numerous occasions that Williams and Krause were behaving improperly and sexually harassing her.[1] She states in an unverified declaration

---

[1]Plaintiff asserts at her deposition that she talked to a human resources representative on three occasions, but does not recall the dates. She does not state she made a formal complaint or used the company's sexual harassment policy or procedure for reporting harassment.

3

that the records produced by defendant must have been changed and that defendant could only produce records of her complaint against Krause even though she made other complaints.

In contrast, defendant asserts plaintiff complained to Gail Conley, a human resources representative, on one occasion in August 2001. It contends Luster told Conley that Krause sexually harassed her, and in the course of that discussion, mentioned Williams was very friendly and treated her differently after she began dating another coworker. At the time, she told Conley she did not want an investigation conducted. Nevertheless, Conley conducted an investigation, documented comments from those interviewed, and ultimately reminded Krause that sexual harassment was prohibited. Defendant asserts plaintiff did not otherwise report sexual harassment to management, although she was advised of the procedure for doing so.

Approximately one year before her termination, plaintiff was called to the office at work to take a telephone call from someone with the Missouri Commission on Human Rights. A coworker, Thelma Jeanette Senor, had made a complaint against Williams, and the call was made during the investigation of that complaint. Luster states she did not confirm Senor's allegations, and did not otherwise discuss the matter with management or other employees. She asserts Williams knew the purpose of the telephone call, but has produced no facts from which knowledge could be known or inferred.

On at least one occasion, Luster disputed the direction given to her by Williams and sought relief from someone with more authority. She told the person she contacted that a machine was not working properly and she was being pressured to approve faulty parts. In the end, the machine was shut down and the parts were not approved.

The submitted documents indicate there were periods of unrest or discord within the Q2 area. They suggest coworkers may not have particularly liked one another, there was friction present, and the facilitator did not take steps to resolve matters to the satisfaction of the majority of the workers.

During at least the latter part of Luster's employment with Square D, coworkers questioned recorded production rates in the area where she worked. It was suggested that Luster spent too much time socializing and too much time away from the machines to be completing the production rates she was recording. Plaintiff acknowledges that Palmer talked to her about her

production rates more than once.  Complaints were also voiced against at least one other employee in the area.

      In response to the complaints, defendant conducted an audit on two of the machines from March through May 2002.  Numbers on the machines' counters were recorded daily by persons who did not run the machines or generally work in the area.  Those numbers were then compared with the numbers submitted by the employees who had used the machines.  The audit indicated Luster and five other employees inflated their production rates on several occasions.  Employees knew they were expected to accurately record their rates and to report any recording or computer input error to their supervisor.  The production rates were used, in part, to determine whether employees were entitled to be included in and to stay in bonus groups with increased pay.

      Based on what they found to be inaccurate reporting by the workers, three managers decided Luster and the five other individuals should lose their jobs.  When plaintiff was notified her employment was being terminated, she attempted to dispute the facts.  She gave an explanation for at least part of the differences in the machine rates recorded as part of the audit and the rates she recorded for her daily production.  Although plaintiff did not believe at the conclusion of the conference that defendant would investigate her explanation, defendant made some inquiry into the matter.  Ultimately, defendant did not alter its decision, and plaintiff lost her job.

      Defendant seeks summary judgment on the basis that plaintiff cannot show a prima facie case of retaliation and it had a legitimate reason for its action.  First, defendant asserts plaintiff cannot show a causal connection between her protected activity and the decision to terminate her employment.  Defendant states Krause and Williams were not involved in the decision, the protected activities were too remote in time to suggest a causal connection, and five other employees were terminated for the same reason as plaintiff.

      Although plaintiff challenges these assertions, she has not come forward with sufficient admissible evidence to create a genuine issue of material fact for trial.  Even if the court assumes plaintiff has made a prima facie case of retaliatory discrimination, plaintiff has not met her burden under the burden-shifting <u>McDonnell Douglas Corp. v. Green</u> standard.  Once the defendant articulates a legitimate, nondiscriminatory reason for its action, plaintiff must "demonstrate by a preponderance of the evidence that the employer's stated justification is

merely a pretext for discrimination." Walker v. St. Anthony's Medical Center, 881 F.2d 554, 557 (8th Cir. 1989).

In this case, defendant has asserted a legitimate, nondiscriminatory reason for its decision - that plaintiff inflated her production rates on several occasions. Thus, the burden shifts to plaintiff to show by a preponderance of the evidence that the reason was a pretext for discrimination. She has not done so.

Plaintiff's evidence of discrimination is extremely weak, remote in time from the decision to fire her, and supported mainly by her bald assertions of discrimination and general feeling of what occurred. She has presented no evidence that anyone other than Human Resources Manager Nancy Lau, Manufacturing Manager Ken Glatz and Plants Operation Manager Roger Frevert participated in the decision to fire her or the other employees who were identified by the audit as having recorded inaccurate production rates. She has not shown those individuals knew of plaintiff's complaint of sexual harassment by Krause, knew of her telephone call during the investigation of Senor's complaint, or knew she had reported Williams for attempting to continue production with a malfunctioning machine. See Girten v. McRentals, Inc., 337 F.3d 979, 982-83 (8th Cir. 2003) (weak prima facie case and virtually nonexistent evidence of pretext precludes a reasonable fact-finder from concluding that discrimination occurred).

Plaintiff asserts Williams participated in the decision to fire her when he responded to the inquiry regarding his assistance with estimated rates. She also asserts he could have reset the counters which would lead to inaccurate records. Even if Williams lied about these matters, plaintiff has produced no evidence to show the managers who made the ultimate decision had any reason to believe Williams was untruthful or had a discriminatory motive for his actions.

Further, plaintiff's implication that defendant would fire five other employees to cover its act of discrimination against her is both implausible and not supported by the current record.

Accordingly, for these reasons and those set forth in more detail in defendant's suggestions, it is

ORDERED that defendant's motion of November 14, 2005, for summary judgment is granted and this case is dismissed [40].

6

Dated this 15th day of March, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7